IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:08-cv-0074 (CFD) |
| v. | : | |
| | : | |
| DEOWRAJ BUDDHU, individually | : | |
| and D/B/A/ Paradise Consulting, A/K/A | : | |
| Phoenix Consulting, and | : | |
| | : | |
| SUNITA BUDDHU, individually and | : | |
| D/B/A Paradise Consulting, A/K/A | : | |
| Phoenix Consulting and D/B/A | : | |
| Lotus Consulting, | : | |
| Defendants. | : | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Government alleges that defendant Sunita Buddhu and her father, defendant Deowraj

Buddhu, prepared and filed, on behalf of their clients, fraudulent tax returns for the years 2003

through 2007.  The Government has moved for a permanent injunction under 26 U.S.C.

§§ 7402(a), 7407 and 7408 prohibiting Sunita Buddhu and Deowraj Buddhu from filing tax

returns.  For the reasons stated below, the Court grants the Government's request for a permanent

injunction.

I.      Findings of Fact[1]

---

[1] The following findings of fact are based on the April 2, 2008 Declaration of Supervisory
Tax Specialist Lucille Jessey; Jessey's May 1, 2008 Declaration; Jessey's November 13, 2008
Declaration; testimony by Jessey; testimony by Richard Ferrara, Danielle Andrews, and Elestine
Nicholson (three of the Buddhus' former clients); testimony by Diana Leyden (counsel for
Ferrara and other former clients of the Buddhus); testimony by Cookie Newell Young (former
Internal Revenue Service employee and enrolled agent who assisted ten of the Buddhus' former
clients); and the documents filed with the Court by the Buddhus.  The Buddhus chose not to

A.    Background

Prior to his incarceration on unrelated state charges in August 2005 and beginning in at least 2003, Deowraj Buddhu operated a tax return preparation business under the name Paradise Consulting Services ("Paradise").  Sunita Buddhu prepared tax returns for Paradise for the tax years 2004 and 2005.  After her father's incarceration, Sunita Buddhu took over Paradise and began operating a tax return preparation business under the name of Lotus Consulting ("Lotus").  Since 2003, the Buddhus have prepared several thousand individual income tax returns.  On June 5, 2008, the Court issued a preliminary injunction prohibiting Sunita Buddhu from filing tax returns.[2]

B.    IRS Investigation of the Buddhus

In early 2005, the Internal Revenue Service ("IRS") began a tax preparer investigation of Deowraj Buddhu after the IRS discovered large deficiencies in returns prepared by Paradise.  This investigation was eventually expanded to include Sunita Buddhu.

In December 2006, Sunita Buddhu was interviewed by the Criminal Investigation Division of the IRS, and informed that she was the subject of a criminal investigation.  Since then, Sunita Buddhu has been interviewed by the Criminal Investigation Division a number of times.

testify at the evidentiary hearings and did not submit evidence challenging the factual assertions made by the Government's witnesses (beyond cross examining these witnesses at the evidentiary hearings).

    [2] The Government did not at that time seek a preliminary injunction against Deowraj Buddhu because he was incarcerated.  Deowraj is currently out of state custody and the Government has moved for a preliminary injunction against him, which the Court now denies as moot in light of the permanent injunction.

C.       Improper Tax Preparer Conduct

1.       Improper Schedules A, C and E

The IRS has determined that Deowraj Buddhu, doing business as Paradise Consulting, prepared 722 and 536 tax returns for the 2003 and 2004 tax years, respectively.  The IRS has completed examinations on 186 of the 722 tax returns for the 2003 tax year prepared by Mr. Buddhu that had false business losses reported on Schedule C[3] and/or false deductions on Schedule E.[4]

The IRS also determined that Deowraj Buddhu and/or Sunita Buddhu, doing business as Paradise Consulting, prepared 2090 tax returns for the tax years 2004 and 2005.  The IRS has closed examinations on 278 of the 1087 returns for the 2004 tax year prepared by Paradise and all but one had false business losses reported on Schedule C and/or false deductions on Schedule E.  The IRS has completed examinations on 151 of the 1003 returns filed by Paradise for the 2005 tax year that had false business losses reported on Schedule C and/or false deductions on Schedule E.

The IRS examinations included interviews with taxpayers who used the Buddhus' services to prepare their income tax returns.  During the interviews, the IRS discovered that many of these taxpayers should not have had a Schedule C included with their tax returns because they were wage earners and were not self-employed in any capacity.  During their interviews, many taxpayers indicated that they did not tell the Buddhus that they were self-employed, and did not

---

[3] Schedule C is used to report profit or loss from a sole proprietorship.

[4] Schedule E is used to report supplemental income and loss including income and loss from rental real estate, royalties, partnerships, S corporations, estates, or trusts.

provide the Buddhus with a factual basis for claiming amounts as either business losses, or employee business expenses.  The Buddhus encouraged some clients to list hobbies as businesses.[5]

After learning of the IRS examinations, Sunita Buddhu began preparing and filing Form 1040X, Amended Individual Income Tax Returns, on behalf of clients whose returns had been examined.  In these amended tax returns, Sunita Buddhu eliminated the disallowed Schedule C business losses, and replaced these losses with corresponding amounts for employee business expenses on Schedule A.[6]  Sunita Buddhu prepared 922 federal income tax returns under the name of Lotus Consulting for the 2006 tax year.  To date, the IRS has completed eighteen examinations of returns Sunita Buddhu prepared for the 2006 tax year and determined that all eighteen returns contained false employee business expenses reported on Schedule A.  There are currently 126 ongoing examinations of 2006 returns that contain suspect employee business expenses.  Sunita Buddhu also prepared tax returns that contained fraudulent charitable deductions.

2.    False Preparer Information

The Buddhus prepared federal income tax returns for their customers listing false preparer identifications numbers.

3.    Frivolous Tax Arguments

---

[5] The Buddhus maintain that all information included on returns prepared by them was provided by their clients.  However, the Buddhus admit that they "explained to the clients that they are only required to pay Social Security and Medicare tax under Subtitle C and no income tax under Subtitle A, because they do not live and work in a foreign country and they were not non-resident aliens."

[6] Schedule A is used to itemize deductions, including employee expenses.

Sunita Buddhu represented to her clients that the IRS does not have authorization or jurisdiction to conduct examinations of Connecticut residents' tax returns. Sunita Buddhu also prepared letters for her clients to submit to the IRS stating this unfounded position.

      D.    Recent Activity

During the 2007 federal income tax filing season, Sunita Buddhu electronically filed 542 federal income tax returns that she prepared for customers. These returns are currently subject to examination by the IRS.

As recently as March 11, 2008, over a year after she learned that she was the subject of a criminal investigation and almost three months after this case was filed, Sunita Buddhu filed a Form 1040X Amended U.S. Individual Tax Return for one of her clients. In the past, Sunita Buddhu has filed numerous Forms 1040X, Amended U.S. Individual Tax Returns for clients after April 15 of the calendar year when the deadline for filing a timely federal income tax return has passed.

      E.    Damage Caused

684 fraudulent returns prepared by the Buddhus resulted in $3.5 million in tax harm, not including penalties and interest, to the IRS. The Connecticut office of the IRS has spent more than 3000 hours to examine these 684 tax returns.

The Buddhus' customers are responsible for paying all additional taxes, interest and penalties that are assessed after they have paid the Buddhus to prepare their tax returns. Some of their clients have had to borrow money or suffered other hardships to pay the additional tax assessments.

II.     Conclusions of Law[7]

    A.      Legal Standard

        When an injunction is expressly authorized by statute, the standard injunction test does

not apply.  SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 808 (2d Cir. 1975) ("As the issuance of

an injunction in cases of this nature has statutory sanction, it is of no moment that the plaintiff

has failed to show threatened irreparable injury or the like, for it would be enough if the statutory

conditions for injunctive relief were made to appear").  Instead, the Court must look to the

"statutory conditions for injunctive relief," and may issue an injunction if it is clearly established

that those conditions are met.  Id. at 808.

        Sections 7407 and 7408 of Title 26 of the Unites States Code contain express statutory

conditions for issuance of an injunction.  United States v. Broccolo, No. 06-cv-2812, 2006 WL

3690648 (S.D.N.Y. Dec. 13, 2006) (applying statutory conditions set forth at 26 U.S.C. § 7407

and 7408).  However, "in deciding whether to grant injunctive relief [in such a case], a district

court is [still] called upon to assess all those considerations of fairness that have been the

traditional concern of equity courts."  SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1102

(2d Cir. 1972).

        Section 7402(a) authorizes injunctive relief, but does not provide "statutory conditions."

Accordingly, the traditional equitable considerations must be applied.  United States v. Broccolo,

No. 06-cv-2812, 2006 WL 3690648.

---

        [7] The Buddhus argue that the IRS is not authorized to collect taxes on the wage-based
income of United States citizens residing in Connecticut.  Because it is beyond cavil that the IRS
has such authority, the Court will not address each of the Buddhus' arguments on this point,
although it has considered each argument.

B.   Internal Revenue Code § 7407

Pursuant to 26 U.S.C. § 7407, if a district court finds that a tax return preparer has "(A) engaged in any conduct subject to penalty under [26 U.S.C. §§] 6694 or 6695," or "(D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," it may enjoin that person from further engaging in that specific conduct.  26 U.S.C. § 7407(b)(1).  If a court finds that the preparer's misconduct is continual or repeated, and that a narrower injunction prohibiting only the specific conduct would not be sufficient to prevent a preparer's interference with the proper administration of the internal revenue laws, 26 U.S.C. § 7407 authorizes the court to enjoin the preparer from preparing returns altogether.

Section 6694(a) of the Internal Revenue Code penalizes a return preparer if she understates a customer's liability based on a position for which there is no realistic possibility of being sustained on the merits, if the return preparer knew or reasonably should have known of the unrealistic position and the unrealistic position was not disclosed or was frivolous.

Section 6694(b) of the Internal Revenue Code penalizes a return preparer who wilfully attempts to understate a taxpayer's liability or who understates a taxpayer's tax liability due to reckless or intentional disregard of rules and regulations.

Section 6695(c) of the Internal Revenue Code penalizes a return preparer who fails to provide an identifying number to secure the proper identification of the tax return preparer.

The Government has sufficiently established that Deowraj Buddhu and Sunita Buddhu engaged in conduct subject to penalty under 26 U.S.C. § 6694(a) by preparing returns that understated their customers' tax liabilities based on positions for which there was no realistic

possibility of being sustained on the merits.  Specifically, there is strong evidence that the Buddhus have continually and repeatedly prepared returns that contain false deductions on Schedules A, C and E.  Also, the Buddhus knew or should have known that the positions taken in the returns they prepared and filed for customers were unrealistic, frivolous and without a reasonable basis.

The Government has sufficiently established that Deowraj Buddhu and Sunita Buddhu violated 26 U.S.C. § 6694(b) because their understatement of their customers' tax liabilities was willful or due to reckless or intentional disregard of internal revenue rules and regulations.

The Buddhus also failed to provide a correct identifying number on the returns that they prepared that would secure their proper identification as the tax return preparer.

Deowraj Buddhu and Sunita Buddhu have engaged in fraudulent or deceptive conduct that substantially interfered with the administration of the internal revenue laws by inflating or fabricating deductions on Schedules A, C and E.  Sunita Buddhu also wrote letters on behalf of her clients for submission to the Internal Revenue Service that assert that the Internal Revenue Service has no authority to conduct an examination of her clients' tax returns.

Deowraj Buddhu and Sunita Buddhu's continual, repeated violations of 26 U.S.C. §§ 6694 and 6695 and their fraudulent, deceptive conduct fall within the provisions of 26 U.S.C. 7407(b)(1)(A) and (D), and are subject to injunction under § 7407.  A narrow injunction prohibiting only specific misconduct would not prevent their continued interference with the proper administration of the internal revenue laws.

The Second Circuit has identified several factors a court may evaluate to determine the appropriateness of a permanent injunction.  See SEC v. Manor Nursing Ctrs., Inc., 458 F.2d

1082, 1100 (2d Cir. 1972) ("The critical question for a district court in deciding whether to issue

a permanent injunction in view of past violations is whether there is a reasonable likelihood that

the wrong will be repeated.").  Factors to be considered in assessing the probability of future

infractions include: (1) the degree of scienter involved, (2) the isolated or recurring nature of the

fraudulent activity, (3) the defendant's appreciation of his wrongdoing, and (4) the defendant's

opportunities to commit future violations."  S.E.C. v. Softpoint, Inc., 958 F. Supp. 846 (S.D.N.Y.

1997); S.E.C. v. Commonwealth Chemical Securities, Inc., 574 F.2d 90 (2d Cir. 1978); see also

United States v. Broccolo, No. 06-cv-2812, 2006 WL 3690648 (evaluating the factors in the

context of a preliminary injunction under 26 U.S.C. § 7407).

        In this case, the enumerated factors support injunctive relief.  First, even though the

Buddhus may have believed that the IRS is not authorized to collect taxes, they knew their tax

preparations on behalf of their clients did not comport with the Internal Revenue Code.  Second,

the Buddhus' conduct was recurring in nature, as they filed thousands of tax returns for the tax

years 2003-2007.  Further, Sunita Buddhu continued to assist clients into 2008, after this lawsuit

was filed and while she was under criminal investigation.  Third, the Buddhus do not appear to

appreciate their wrongdoing and continue to dispute the IRS's authority to collect taxes.  Finally,

if the Court does not issue an injunction, nothing will stop the Buddhus from committing further

violations.  An injunction permanently barring Deowraj Buddhu and Sunita Buddhu from acting

as tax return preparers or providing tax advice to others is warranted.

        C.      Internal Revenue Code § 7408

        Section 7408 of the Internal Revenue Code authorizes a district court to enjoin a person

from engaging in conduct subject to penalty under 26 U.S.C. § 6701 if injunctive relief is

appropriate to prevent recurrence of that conduct.  26 U.S.C. § 7408(b) & (c)(1).

Section 6701 imposes a penalty on any person who aids or assists in, procures or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that is will be used in connection with any material matter arising under the internal revenue laws and that if it is so used it would result in an understatement of another person's tax liability.  26 U.S.C. § 6701(a).

The Government has presented strong evidence that Deowraj Buddhu and Sunita Buddhu knowingly inflated and fabricated deductions on their customers' federal income tax returns. They have engaged in conduct that is subject to penalty under § 6701, and an injunction under 26 U.S.C. § 7408 is appropriate to prevent them from engaging in such conduct in the future.

D.      Internal Revenue Code § 7402(a)

Section 7402(a) of the Internal Revenue Code authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing the internal revenue laws.  The standard for granting a permanent injunction is the same as that for a preliminary injunction, except that the moving party must demonstrate actual, rather than likely, success on the merits of its claim. See Amoco Prod. Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 546 n. 12 (1987).

The Court finds the United States has presented persuasive evidence that it, the public, and the Buddhus' clients will suffer irreparable harm if they are not enjoined.  As discussed above, the United States has also presented sufficient evidence to succeed on the merits.  Further, the United States has presented evidence that the public interest will be served by granting this injunction.  While the Buddhus will be denied the right to earn a livelihood preparing income tax

-10-

returns, the harm to them is substantially outweighed by the harm to which their clients are subjected by having fraudulent tax returns prepared in their names.  The Court therefore finds an injunction is also appropriate under 26 U.S.C. § 7402.

III.    Conclusion

        The Government's motion for a permanent injunction against Deowraj Buddhu and Sunita Buddhu [Dkt. # 54] is GRANTED.  Deowraj Buddhu and Sunita Buddhu shall be and are hereby precluded from:

1.      preparing federal income tax returns, amended federal income tax returns and other related documents and forms for others;

2.      representing customers before the Internal Revenue Service;

3.      advising, assisting, counseling, or instructing anyone about the preparation of a federal tax return;

4.      owning, managing, controlling, working for, or volunteering for a tax-return-preparation business; and

5.      from promoting tax-fraud schemes.

        The defendants' motion to dismiss the Government's motion for a permanent injunction [Dkt. # 56] is DENIED.  The Government's motion for a preliminary injunction against Deowraj Buddhu [Dkt. # 53] is DENIED as moot in light of the permanent injunction.

SO ORDERED this ___12th___ day of May 2009, at Hartford, Connecticut.


 /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**